WILLIAM A. BRADY THEATRE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11555. Promulgated June 7, 1929.

*James A. Councilor, Esq.*, and *Henry E. Kelley, Esq.*, for the petitioner.

*Eugene A. Meacham, Esq.*, for the respondent.

**OPINION.**

TRAMMELL: The petitioner contends that it met all of the requirements for classification as a personal service corporation, during the taxable year. It also contends that, in event it is held not to be entitled to such classification, it should be allowed a deduction representing $7,500 to each of the four stockholders as salary or compensation for services rendered by them.

With respect to the question as to whether the petitioner was a personal service corporation, the respondent concedes in his brief that the stockholders were regularly engaged in the active conduct of the affairs of the corporation, but denies that the income of the petitioner is to be ascribed primarily to the activities of the stockholders or that capital was not a material income-producing factor.

The income of the petitioner was derived primarily from the presentation of plays produced by its stockholders. The stockholder producing a play hired and paid the actors, paid the royalties and part of the advertising, furnished the necessary costumes, any extra stage hands that were necessary and any extra electricity that was required. The petitioner furnished, among other things, the house lighted, heated and provided with a certain personnel.

From the standpoint of the petitioner, the successful presentation of plays required, among other things, a suitable place for their presentation. No matter how good the plays might be, they could not prove income-producing successes without a proper place to present them. Such a place was just as necessary and essential in the production of the petitioner's income as were the plays presented. Under such circumstances, a place for presenting the plays is a material income-producing factor, and under the conditions present here, constituted capital. In considering this question in *Newam Theatre Corporation*, 1 B. T. A. 887, we said:

> The corporation was enabled to provide the place (the theatre), which, as we have observed, was a material factor in producing its income, by its possession of a leasehold of the theatre premises. Such a leasehold was a capital asset of the corporation and entered into its capital account. This leasehold was especially valuable to the corporation because it made possible the presentation of the plays selected by its stockholders and in that very material manner helped to produce the income of the corporation. The business in which the

corporation was engaged makes this reasoning particularly applicable and constitutes a cogent factor in our determination. There are businesses which are so conducted that the places in which they are conducted do not matter much or contribute materially to the income, but a theatre for the presentation of plays to large bodies of the discriminating public does not come within such class. The theatre which taxpayer held under leasehold was capital to the corporation and was a material income-producing factor.

See also *Atlanta Theatre Co.*, 1 B. T. A. 890; *Selwyn Operating Corporation*, 5 B. T. A. 723; *Cotton Hotel Co. v. Bass*, 7 Fed. (2d) 900.

We are confirmed in our opinion that capital was a material income-producing factor by the fact that at the beginning of the taxable year petitioner's capital of $10,000 and surplus of $22,409.61 consisted entirely of cash in bank; that no part of the surplus was distributed during the taxable year, and that no part of this surplus or of the earnings of the year, amounting to $34,135.36, was paid out to the stockholders for the reason that petitioner " was shy of money " when at that time its capital and surplus were represented by cash in bank amounting to $58,419.97 and prepaid accounts amounting to $8,125. We can only conclude that no distribution was made because the money was needed in the business.

Since capital was a material income-producing factor, the petitioner does not meet one of the requirements prescribed by the statute. The petitioner, therefore, does not come within the meaning of a personal service corporation as defined by statute. Its contention as to personal service classification is accordingly denied.

With respect to the second issue, the petitioner contends that it should be allowed a deduction representing salary or compensation of $7,500 to each of its four stockholders.

No deduction for stockholders' salaries was taken on the petitioner's return nor was any allowed by the respondent. No salaries were paid during the taxable year, nor were any authorized for that year until in December, 1923. While Brady, a witness in behalf of the petitioner, testified that the stockholders before distributing the profits informally agreed among themselves that each stockholder's distributive share, or one-fourth of the profits, would be considered as compensation for his services, the minutes of the directors' meeting of December 12, 1923, disclose that the authorized compensation of Isman and Weber for the taxable year was $7,500 each, whereas Brady's compensation was fixed at $15,000. These amounts are much at variance with each member's distributive share of $8,533.84.

In *G. Angelo Co. et al.*, 12 B. T. A. 460, a question similar to the one here involved was considered. There we said:

Petitioner, the G. Angelo Co., claims the right to the deduction of a reasonable allowance for salaries or other compensation for personal services actually rendered by the stockholders, as provided in section 234 (a) (1) of the Revenue

Act of 1918. It appears that the stockholders, all of whom were active in the conduct of the affairs of the corporation, believed this close corporation to be a personal service corporation, and they failed to authorize or to pay or accrue, compensation as such for their services. However, dividends were declared and paid, and petitioner proposes that we allocate in each year so much of the dividends as appears reasonable for salaries and permit the deduction of such allowances from income for the purpose of computing net income. Inasmuch as the statutory provision for the deduction of the salaries is coupled with the requirement that they shall have been paid or accrued during the taxable year the proposed allowance is unwarranted. Cf. *M. J. McCabe Co.*, 1 B. T. A. 57; *When Clothing Co.*, 1. B. T. A. 973.

We think our decision in the foregoing is applicable and controlling here.

*Judgment will be entered for the respondent.*